# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD W. DURHAM, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-2113 |
| : | |
| THE PHILADELPHIA PRISON : | |
| SYSTEM, *et al.*, : | |
|    Defendants. : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                         **JUNE 25 , 2018**

Plaintiff Edward W. Durham, a prisoner incarcerated at the Curran-Fromhold Correctional Faciltiy, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 against three defendants: the Philadelphia Prison System, Corizon Medical Associates, and the City of Philadelphia. Although he paid the fees to commence this civil action, the Court is still obligated to screen his Complaint pursuant to 28 U.S.C. § 1915A because he is a prisoner. For the following reasons, the Court will dismiss the Complaint for failure to state a claim against the named Defendants, and give Durham an opportunity to file an amended complaint.

**I.    FACTS**

During his incarceration at the Curran-Fromhold Correctional Facility, Durham fell from a top bunk bed while descending. At the time of the incident, which appears to have taken place in February of 2017, Durham was taking antibiotics for a balance deficiency and an ear and nose infection. He received an x-ray on his leg and was taken to the hospital a few weeks later because he was still in pain. On March 6, 2017, he was given a cane for stability. However, he

was deemed ineligible for a bottom bunk bed even though his back pain "continued to deteriorate." (Compl. ECF No. 2 at 5.)[1]

Durham notes that he was initially misdiagnosed with sprains in his back, neck, and leg, when the cause of his pain was instead a pinched spinal sack and a pinched nerve. He had two vertebrae removed and replaced with titanium parts, and now has screws in his neck. Durham is currently being treated with cortisone shots. He may require further surgery.

Durham alleges that, between February and November of 2017, he "forewarned the jail & Corizon Med. assoc. of possible long term and or permanent injuries resulting from [his] fall." (*Id.* at 5-6.) The remaining allegations in Durham's Complaint pertain to his filing of grievances. He alleges that he grieved "the length of time getting a professional diagnosis, the continued prolonging of proper treatments," and appointment delays in seeing a neurologist. (*Id.* at 7.) Durham notes that he "put in many sick call requests & grievances," and spoke to "Major Moore, Lt.Fountain, Capt. Buford, Warden May, the Medical rep. for Commissioner Blanche Carney's office, and Corizon Medical staff" about his concerns. (*Id.*) Durham "finally got a returned appeal while [he] was under the care of the neuro-surgeon and Corizon Medical Associates at CFCF." (*Id.*) His "diagnosis that [he] was long overdue and in dire need [of] surgery (on 11-27-17) was the key factor and facts giving rise to and merit to the claims [he] levied against the City of Philadelphia and Corizon." (*Id.*)

## II.     STANDARD OF REVIEW

Although Durham has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir.

---

[1] The Court adopts the pagination assigned to Durham's Complaint by the CM-ECF docketing system.

2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Relevant here, whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Probation & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized assertions are insufficient to state a claim. *Id.* As Durham is proceeding *pro se*, the Court is obligated to construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Durham has not stated a § 1983 claim against the Defendants for the following reasons.

**A. Claims Against the Philadelphia Prison System**

The Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia. *See* 53 Pa. Cons. Stat. Ann. § 16257. It is also not considered a "person" for purposes of § 1983. *See Peele v. Philadelphia Prison Sys.*, No. CIV.A. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. Apr. 8, 2015) ("The Philadelphia Prison System's motion to dismiss must be granted because the Philadelphia Prison System is not a "proper party" or a "person" under Section 1983."). Accordingly, the Court will dismiss Durham's claims against the Philadelphia Prison System because it is not a proper party to this lawsuit. Any claims against that entity will be construed as claims brought against the City of Philadelphia.

**B. Claims Against the City of Philadelphia and Corizon Medical Associates**

The Court understands Durham to be claiming that his constitutional rights were violated by delays in medical treatment for injuries he sustained after falling from the top bunk bed.[2] To state a § 1983 claim based on the claimed failures in medical treatment, Durham must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[3] "Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official '(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2)

---

[2] Durham indicates that at some point after his fall, he was deemed ineligible for a bottom bunk bed despite his back pain. It is not clear if he also intends to bring a claim on that basis.

[3] It is not clear from the Complaint whether Durham was a convicted inmate or pretrial detainee at the time of the events in question, which affects whether he brings his claims under the Eighth or Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (explaining that the Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees). However, the standard is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam).

delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam) ("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need."). "[A] deliberate indifference claim premised on delayed medical treatment requires a plaintiff to demonstrate that 'the delay . . . was motivated by non-medical factors.'" *Miller v. Steele-Smith*, 713 F. App'x 74, 80 (3d Cir. 2017) (per curiam) (quoting *Pearson v. Prison Health Serv.*, 850 F.3d 526, 537 (3d Cir. 2017)). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the . . . scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Furthermore, to state a civil rights claim under § 1983against a municipality such as the City of Philadelphia or an entity that contracts with a municipality such as Corizon, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

Here, Durham has alleged that he suffered from an unacceptable delay in medical care. However, he does not attribute that delay to a policy or custom of either the City or Corizon Medical Associates. Furthermore, if he is alleging that individuals at the jail violated his rights,

he has not named those individuals as defendants or specified with sufficient detail how those individuals were deliberately indifferent to his serious medical needs.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Durham's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Durham an opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
**United States District Judge**